**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JEAN MAXWELL,

Plaintiff,

v. Case No. 08-CV-15321

HEARTLAND OF CANTON MI, LLC,

Defendant.

_________________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE**

Pending before the court is Plaintiff Jean Maxwell's "Motion Requesting Entry of Order Remanding Case to State Court," filed on January 21, 2009. Defendant has not filed a response, which would now be untimely.[1] Having reviewed the briefs, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiff's motion will be denied but Defendant will be ordered to show cause why this matter should not be remanded.

Plaintiff originally filed this matter in Michigan State court on December 2, 2008. (Pl.'s Mot. at 1.) Defendant filed a notice of removal to this court on December 30, 2008. (*Id.*) In its notice, Defendant stated that it was a limited liability company incorporated in Delaware. (Def.'s Notice at 2.) Plaintiff now argues that Defendant is a corporation, (Pl.'s Mot at 2, ¶ 6), and so the matter should be remanded both because Defendant did not properly plead its notice of removal and because Defendant has its

---

[1] Per Federal Rule of Civil Procedure 6(d) and Eastern District of Michigan Local Rules 6.1(b) and 7.1(d)(2)(B), Defendant's response was due on or before February 9, 2009.

principal place of business in Michigan, interrupting the complete diversity required for this court's jurisdiction.

Defendant removed this action under 28 U.S.C. § 1332, which provides a district court original jurisdiction where, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a). While a corporation "shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business," 28 U.S.C. 1332(c)(1) (emphasis added), a limited liability company has the citizenship of each of its members. *Key Equip. Fin., Inc. v. McCarty Trans., LLC*, No. 08-83-ART, 2008 WL 1868033, * 1 (E.D. Ky. Apr. 24, 2008) (collecting cases); *see also Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. App'x 731, 732 (6th Cir. 2002) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . .").

Here, Defendant's notice of removal makes clear that it is a "Delaware limited liability company, with its sole member . . . also being a Delaware limited liability company." (Def.'s Not. at ¶ 5.) Plaintiff's exhibit reinforces this contention. (Pl.'s Mot, Ex. 1, listing Defendant as a "limited liability company (LLC).") Thus, because Plaintiff's motion seeks to remand this matter on the basis of Defendant's status as a corporation, it is without support.[2]

---

[2] Plaintiff may have avoided the confusion regarding the difference between a corporation and a limited liability company had she complied with Eastern District of Local Rule 7.1, requiring a movant to first seek concurrence from an opposing party. E.D. Mich. LR 7.1(a). That same rule requires that, if concurrence is not obtained, the movant so state in her motion. E.D. Mich. LR 7.1(a)(2).

Nonetheless, in reviewing Defendant's jurisdictional contention in its notice of removal, the court detected that Defendant's sole member is also a limited liability company with undisclosed members. In the face of Defendant's lack of a response to Plaintiff's current motion, the court will require Defendant to disclose the membership of its member limited liability company and provide a sufficient basis for this court to determine whether complete diversity exists.

What is more, under 28 U.S.C. § 1332(a), the amount in controversy for diversity jurisdiction must exceed $75,000.00. 28 U.S.C. § 1332(a). Plaintiff's complaint includes two counts, both of which seek only twenty-five thousand dollars in damages. (Pl.'s Compl. at 8-9.) Defendant's notice of removal does not directly challenge this estimation, instead offering the conclusory statement that "the matter in controversy exceeds or may exceed the sum . . . of seventy-five thousand . . . dollars." (Def.'s Not. ¶ 5.) Together with the other possible jurisdictional defect present in Defendant's notice of removal, the court will require Defendant to address the amount in controversy in light of Plaintiff's complaint which seeks, at most, fifty thousand dollars.

Accordingly, IT IS ORDERED that Plaintiff Jean Maxwell's "Motion Requesting Entry of Order Remanding Case to State Court" [Dkt. # 6] is DENIED.

IT IS FURTHER ORDERED that Defendant shall SHOW CAUSE, in writing, on or before **February 19, 2009**, why this case should not be remanded for lack of subject-matter jurisdiction.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-15321.MAXWELL.Deny.Mot.Remand.SC.eew.wpd